BRAE LOCH MANOR HEALTH CARE FACILITY, Nor Loch Manor Health Care Facility, Elcor Health Services, Inc., Harding Nursing Home, Maple-wood Nursing Home, Nortonian Nursing Home, Palatine Nursing Home, Pontiac Nursing Home, Sunset Nursing Home, Plaintiffs–Appellants,

v.

Tommy G. THOMPSON, Secretary of the United States Department of Health and Human Services, Defendant–Appellee.

No. 03–6214.

United States Court of Appeals, Second Circuit.

June 24, 2004.

Jeffrey J. Calabrese, Harter, Secrest & Emery LLP, Rochester, NY, for Appellants.

Judy C. Wong, Assistant Regional Counsel for the U.S. Department of Health and Human Services (Alex M. Azar II, General Counsel, and Annette H. Blum, Chief Counsel Region II), New York, NY, for Appellee, of counsel.

.PRESENT: SACK, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

The plaintiffs-appellants Brae Loch Manor Health Care Facility, Nor Loch Manor Health Care Facility, Elcor Health Services, Inc., Harding Nursing Home, Maplewood Nursing Home, Nortonian Nursing Home, Palatine Nursing Home, Pontiac Nursing Home, and Sunset Nursing Home (collectively, the "Facilities") appeal from the August 29, 2003, judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*) granting the defendant-appellee Tommy G. Thompson's motion for judgment on the pleadings on the ground that the Medicare program is not obligated to reimburse the Facilities for providing certain services that did not qualify as "physical therapy" services.

The Facilities "bear[ ] the burden of proving [their] entitlement to Medicare coverage." *Keefe on Behalf of Keefe v. Shalala,* 71 F.3d 1060, 1062 (2d Cir.1995). As the district court properly concluded, "this case involves a failure of proof," *Brae Loch Manor Health Care Facility v. Thompson,* 287 F.Supp.2d 191, 198 (W.D.N.Y.2003), in that the Facilities combined all visits to the physical therapy department without demonstrating that the services provided met the requirements for covered physical therapy under the relevant regulations and agency interpretations. We therefore do not think that the decision of the Administrator of the Health Care Financing Administration was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

In light of our conclusion, we need not reach the merits of the Facilities' other arguments.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.